IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES RAY PHIPPS, #25807-001, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2257-P |
| | ) | ECF |
| UNITED STATES POSTAL SERVICE, | ) | |
| et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a civil rights action brought by a federal pre-trial detainee.

    Parties:  Plaintiff is presently incarcerated at the Federal Detention Center in Seagoville, Texas. Defendants are the United States Postal Service, the Internal Revenue Service (IRS), and the United States Pretrial Services Office for the Northern District of Texas. The Court did not issue process in this case, pending preliminary screening.

    Statement of Case:  On April 12, 2006, Plaintiff was indicted in a twenty-two-count indictment for the offenses of mail and wire fraud, money laundering, corrupt endeavor to obstruct and impede the administration of the IRS, and income tax evasion. *See United States v. Phipps*, 3:06cr114-M(01) (N.D. Tex., Dallas Div.). The case is presently set for trial before District Judge Barbara M.G. Lynn on April 16, 2007.

In this action, Plaintiff seeks to sue the U.S. Postal Service, and the IRS for interfering with his right to participate in the profession of his choice – namely "network marketing" or "multi-level sales." He alleges that the Defendants restrained his ability to use interstate commerce and the United States mail to conduct his business, and maliciously slandered and defamed his name through the use of the media. With respect to Pretrial Services, Plaintiff alleges that it conspired to deny him reasonable bail and reasonable conditions of release. He requests monetary and injunctive relief.

<u>Findings and Conclusions</u>: The Court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Plaintiff challenges *inter alia* the October 17, 2006 order revoking his conditions of pretrial release in No. 3:06cr114-M(01). Any claim related to his pre-trial detention should be raised through counsel in his pending criminal action.

The doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's remaining claims. Under *Heck*, the court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Id. at 486-87.

*Heck* also applies pre-conviction to bar "claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir. 2001); *see also Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (noting in passing that Heck prevents the accrual of § 1983 claims that would necessarily imply the invalidity of future convictions on pending criminal charges); *Escamilla v. Dallas Police Dep't*, 2001 WL 1338302, *2 (N.D. Tex., Dallas Div. Oct. 18, 2001) (No. 3:01cv1159-G) (adopting findings and recommendation of magistrate judge).[1]

The main focus of Plaintiff's complaint is his criminal prosecution in No. 3:06cr114-

---

[1] All circuits that have addressed this issue have concluded that *Heck* applies to pre-conviction as well as post-conviction cases. *See Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir. 1996); *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. City of New York*, 171 F.3d 117, 124 (2nd Cir. 1999).

3

M(01). He challenges the underlying basis for the indictment. If proved, such claims would call into question any future conviction in No. 3:06cr114-M(01). Therefore, this lawsuit implicates the validity of the criminal charges presently pending against him in this Court and, as such, Plaintiff is precluded from maintaining a civil cause of action at this time. *See Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000) ("[A] claim, that if successful would necessarily imply the invalidity of a future conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). The District Court should dismiss the claims relating to Plaintiff's indictment and prosecution in No. 3:06cr114-M(01) with prejudice as frivolous to their being asserted again until the *Heck* conditions are met. *See Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting that the preferred way to dismiss claims for monetary damages barred by *Heck* is with prejudice to their being asserted again until the *Heck* conditions are met."); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in *Heck* is legally frivolous); *see also Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissals as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice).[2]

---

[2] Insofar as Plaintiff's claims can be characterized as "prosecution claims," the the Court would reach the same outcome. In *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 894 (5th Cir. 2005), the Fifth Circuit held that the statute of limitations does not begin running on "prosecution claims" until the criminal proceedings have terminated in the Plaintiff's favor.

4

RECOMMENDATION:

For the foregoing reasons, it is recommended that the claim challenging the revocation of his conditions of pretrial release in No. 3:06cr114-M(01) be DISMISSED without prejudice to its reassertion in Plaintiff's pending criminal case.

It is further recommended that the remaining claims -- challenging Plaintiff's indictment and prosecution in No. 3:06cr114-M(01) -- be DISMISSED with prejudice as frivolous to their being reasserted if and when the conditions set out in *Heck v. Humphrey* are met. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff

Signed this 25th day of January, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.